Burke, J.
The Commissioner of Education and the Board of Regents appeal from an order of the Appellate Division, Third Department, which modified a judgment of the Supreme Court, Albany County, invalidating a reaffirmation order issued by the Commissioner and declaring that a regulation promulgated by the Commissioner does not bar the registration of a high school proposed to be built in the petitioners’ school district. The modification of the judgment consisted of deleting that part of the judgment which invalidated the reaffirmation order on. the ground that its validity is at issue in a pending proceeding under section 314 of the Education Law and is, therefore, not yet properly ¡subject to judicial review.
In 1967 the Board of Education of the Spackenkill School District applied to the Commissioner of Education for a commitment of building aid funds for the construction of its proposed high .school. Some months later, the Commissioner answered this application by making the reaffirmation order referred to above. By this order, the Commissioner reaffirmed a provision of the ‘ ‘ State Plan ’ ’ for school district reorganization which recommended the merger of the Spackenkill School District with the Poughkeepsie School District. A letter from the Director of the Division of Law of the Education Department informed the school district that the order of the reaffirmation "in fact, and in intent, constitutes denial of the application of your school district for the building and necessary registration of a high school ” pursuant to a regulation of the Commissioner (8 NYCRR 100.2[h]). which provides that “ [n]o new public high school shall be recommended for registration by the Commissioner of Education * . * * if, in his judgment, the establishment of such .school would conflict with an approved plan for district reorganization ”.
The petitioners challenged this refusal to register their proposed public high school on several grounds but it is necessary to reach only the first ground relied upon and that is that there is no .statutory authority for the regulation upon which the Commissioner relied in refusing to register the proposed high school. The appellants’ brief sets forth -some 30 sections of the Education Law in an attempt to locate a source for the challenged regulation. None of the_cited ¡sections, however, in any way sanctions the use of the refusal to register a proposed *10 high school as a method for obtaining compliance with an approved plan for school district reorganization. The only-section even remotely germane is section 210 of the Education Law which plainly relates to the power of the regents to register schools in terms of curricula and other educational criteria and not in terms of the physical construction and operation of a school building when the school in question otherwise meets the educational criteria. There is thus no express statutory authorization for the regulation in question and it could not, therefore, be used as the basis for.refusing to register petitioners’ high school unless there is some implied authorization.
It is difficult, however, to find such authorization by implication in view of the fact that the Legislature has .recently and clearly articulated the policy of this State as to the methods by which to promote compliance with approved plans for school district reorganization. Prior to its amendment in 1965, section 3602 (subd. 10, par. a) of the Education Law provided that no building aid was to be paid to a school district subject to reorganization, unless the Commissioner first determined that the payment of such building aid would not impede the desired reorganization and issued a certificate of “ non-impedance.” (See Matter of Siegel v. Allen, 23 A D 2d 520.) In 1965, however, the Legislature amended this section to provide instead that additional building and operating aid be paid to. school districts which complied with such approved reorganization plans (§ 3602, subd. 10, pars, [c], [d]) and thereby substituted incentives to compliance for the former penalties for noncompliance. The regulation of the Commissioner thus clearly not only lacks express .statutory authorization but also cannot be found to have any implied authorization since any such implication would be contrary to the policy expressed by the Legislature in .section 3602 of the Education Law. Accordingly, the determination of the courts below holding that the regulation does not bar the registration of the petitioners’ proposed high scho ol should be affirmed.
iChief Judge Fold and Judges iScileppi, Bebgan, Bkeitel and Jasen concur.
Order .affirmed, with costs.